At an after day in the term,
RoaNE and Haywood, Judges,
said: We have considered of this application, and have weighed with care the words of the act, which are, “ And in all cases bottomed on a contract, note, agreement, or liquidated account, where the judgment of the Circuit Court may be affirmed, 12J per cent, damages shall be allowed to the plaintiff, provided two of said judges concur in said opinion.” The words are large enough to include all cases of contract; but that is not the meaning of the law, as is demonstrated by the last term, liquidated account. Any other contract equally uncertain as an unliquidated account is, with respect to the quantum, or more so, ought no more than this to be entitled to the 12-1 per cent. A note is for a certain sum ; and that shows further the intent of the Legislature; for why use a term descriptive of certainty, unless to evince a restrictive interpretation, to be placed on these concomitant terms of more general signification, when standing unconnected with the restrictive ones ? Contract and agreement are to be understood, then, of terms equally reducible to certainty as notes and settled accounts; that is, to sums certain to be paid at a future time, not to sums to be assessed for specific articles, resting at the date of the contract in uncertainty, and wholly dependent for specification upon the price of the article, which may happen to be the current price on the day prefixed for delivery. In this very case the counsel themselves were in doubt what *602 should be the quantum of damages until * determined by this court; and even yet some of them doubt of the proper standard.
Wherefore the court refuse to allow 12^ per cent, in this cause.
See Still v. Boon, 5 Sneed, 380; Doak v. Ridley, 2 Ter. 495; Gilbert v. Driver, 3 Head, 463; Code, 3162, 3165; King’s Digest, 11,267.